**Sleiman RAMMAH, Appellant**

v.

**Majed ABDELJABER, Appellee.**

No. 05–06–01027–CV.

Court of Appeals of Texas, Dallas.

Aug. 17, 2007.

Rehearing Overruled Oct. 18, 2007.

John Wheat Gibson, Dallas, for Appellant.

Ronald P. Wright, Wright & Associates, Dallas, for Appellee.

Before Justices WHITTINGTON, BRIDGES, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

Appellant Sleiman Rammah (Rammah) sued appellee Majed Abdeljaber (Abdeljaber) for "intentional fraud, knowing deceptive trade practices, negligence, gross negligence, and breach of contract." After Abdeljaber did not appear for a scheduled deposition, Rammah moved to strike Abdeljaber's answer and for summary judgment as to liability as discovery sanctions against Abdeljaber. The trial court denied that motion and awarded costs to Abdeljaber against Rammah under Texas Rule of Civil Procedure 215. Rammah then filed an unverified motion to recuse the trial judge, which was denied without a hearing by the presiding judge for the First Administrative Region. After Rammah did not comply with the trial court's order to pay costs, Abdeljaber moved to compel payment of those costs and for an award of sanctions, including awarding additional expenses, striking Rammah's pleadings, and dismissing his lawsuit. The trial court granted that motion, awarded additional fees to Abdeljaber, and dismissed Rammah's case with prejudice. In eight issues, Rammah challenges the denial of his motion for sanctions, the award of expenses against him, the denial of his recusal motion, and the award of additional expenses and sanctions against him. We affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

Rammah, a native and citizen of Lebanon who has resided in the United States since 1998, alleges that he hired Abdeljaber to represent him in asylum proceedings before the United States Immigration Court in Dallas. Rammah alleges that he

later discovered that Abdeljaber "was a charlatan" and apparently not licensed to practice law in Texas. Rammah filed a lawsuit against Abdeljaber in August 2003 for "intentional fraud, knowing deceptive trade practices, negligence, gross negligence, and breach of contract." Apparently Abdeljaber's original answer was filed in February 2004. Rammah alleges that on September 10, 2004, he sent Abdeljaber discovery requests, including a "properly addressed *Notice of Oral Deposition*" (emphasis in original), seeking Abdeljaber's deposition on September 29, 2004, and that Abdeljaber "simply refused to accept his certified mail." After a year of multiple unsuccessful attempts to secure Abdeljaber's deposition, counsel for the parties signed a "Rule 11 Agreement for Deposition," which read as follows:

> Timothy W. Sorenson [counsel for Abdeljaber] and John Wheat Gibson [counsel for Rammah] agreed on September 30, 2005 that Majed Abdeljaber, defendant in this case, will appear at the office of John Wheat Gibson [ ] at 9:00 a.m. on October 21, 2005 to be deposed by John Wheat Gibson, attorney for the Plaintiff Sleiman Rammah. Majed Abdeljaber will remain at the site of the the [sic] deposition until the deposition is completed. It is agreed that the plaintiff's [sic] will not file a motion for to [sic] hold the defendant in contempt or for sanctions or to compel the defendant's appearance for deposition before October 21, 2005. It is agreed further that if Majed Abdeljaber does not appear at the office of John Wheat Gibson [ ] at 9:00 a.m. on October 21, 2005 to be deposed, that the parties will submit to the Court an agreed order compelling Majed Abdeljaber to appear on a date certain and granting sanctions against Majed Abdeljaber compelling him to pay Plaintiff's reasonable attorneys fees. It is stipulated further that if the defendant fails to appear as agreed, the court may order any other sanctions against the defendant that the court considers proper.

Abdeljaber did not appear for his deposition on October 21, 2005. But instead of signing the agreed order referred to in the Rule 11 agreement, Abdeljaber's counsel moved shortly thereafter to withdraw from representing Abdeljaber. He was allowed to withdraw and Abdeljaber hired new counsel.

Approximately three weeks after the trial court granted the motion to withdraw, Rammah filed a "Motion to Strike Defendant's Pleadings and Motion for Partial Summary Judgment." In that motion, Rammah recited the procedural history of the case and his efforts to secure Abdeljaber's deposition, and asked the court to "strike the Defendant's Answer, and to enter partial summary judgment against Defendant Majed Abdeljaber, finding him liable for damages, in an amount to be determined by a jury upon writ of inquiry." Several weeks later, Rammah also filed a "Motion for Sanctions," in which he moved the court to sanction Abdeljaber's discovery abuse by striking his answer and rendering partial summary judgment against Abdeljaber as to liability. In that motion, Rammah (1) accused Abdeljaber of needing to hire new counsel because he "failed to sufficiently suborn the ethics" of his previous counsel, (2) accused Abdeljaber's new counsel of continuing a "pattern of Rambo litigation," (3) accused Abdeljaber's new counsel of showing "contempt for the laws of the state of Texas," and (4) accused Abdeljaber's new counsel of being "willing [to] flout the law in ways that [Abdeljaber's] previous counsel would not."

Abdeljaber filed a response to the motion to strike and for partial summary judgment in which he described that motion as a "misuse of the summary judg-

ment process" and explained that the proper procedure would be for Rammah to file a motion to compel pursuant to Texas Rule of Civil Procedure 215.2.

At the hearing on Rammah's motions for sanctions and to strike and for partial summary judgment, Rammah's counsel explained that Rammah's motion was "in effect, requesting that the Court enforce the Rule 11 agreement of the parties." In response, the trial court said "Counsel, what you are saying today is not what is contained in your motion. Your motion asks for striking of the pleadings and enter a partial summary judgment.... You wanted to strike on liability. That is how it starts. That is how it ends. I am looking at a motion to strike, basically death penalty sanctions, when no previous motion for lesser sanctions has ever been filed in accordance with the law." After additional arguments of counsel, the trial court denied the motions. It also allowed Abdeljaber's counsel to testify as to his "lowest out-of-pocket expenses" in responding to the motions.[1] Abdeljaber's counsel testified that this amount was $825, plus $5 for parking on the day of the hearing. Two days later, the court issued an order denying Rammah's motions and ordering that Abdeljaber's attorney "be awarded the sum of $830.00, payable to counsel for [Abdeljaber] no later than February 9, 2006, as reasonable expenses and attorney's fees incurred in defending this action."

Rammah did not pay counsel for Abdeljaber the amount awarded in the court's order. As a result, Abdeljaber filed a "Motion to Compel Payment of Award of Expenses and for Imposition of Additional Sanctions." In that motion, Abdeljaber requested that Rammah be ordered to pay the original award as well as additional expenses incurred in filing the motion to compel. Abdeljaber also requested that Rammah be found in contempt and that Rammah's pleadings be stricken and his case dismissed with prejudice. Two days later, Rammah filed an unverified motion to recuse the trial court judge, arguing that it was "overwhelming obvious" that Rammah could not receive a fair trial before the assigned judge. On the same day, Rammah also filed a "Motion to Vacate Sanctions," seeking to vacate the award of expenses. The trial court judge referred the recusal motion to "the Presiding Judge of the First Administrative Region," who, without conducting a hearing, issued an order denying the motion.

After acknowledging on the record that the recusal motion was denied by written order, the trial court heard Abdeljaber's motion to compel payment of the award and Rammah's motion to vacate that award. During that hearing, counsel for Rammah conceded that there had been no attempt to pay the award of expenses, and counsel for Abdeljaber testified that he had incurred an additional $2,216 in fees and expenses since the date of the order. At the conclusion of that hearing, the trial court granted Abdeljaber's motion to compel payment of the initial award of expenses as well as additional sanctions and denied Rammah's motion to vacate the original award of expenses. With respect to the original award of expenses, the court also announced findings that counsel for Rammah's "gratuitous" and "insulting"

---

1. Under Texas Rule of Civil Procedure 215.1(d), when a court denies a discovery motion, "the court may, after opportunity for hearing, require the moving party or attorney advising such motion to pay to the party or deponent who opposed the motion the rea- sonable expenses incurred in opposing the motion, including attorney fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust." Tex.R. Civ. P. 215.1(d).

comments in its initial motion for sanctions violated the *Dondi*[2] decision and the Texas Lawyer's Creed in multiple respects. With respect to Abdeljaber's request for the imposition of additional sanctions, the court issued a written order that Rammah and/or his counsel pay counsel for Abdeljaber an additional sum of $2,216 within nine days and also struck Rammah's petition and ordered that Rammah's case be dismissed with prejudice. This appeal followed.

Rammah raises eight issues on appeal, which he combines into a single argument. We recite his eight issues here, verbatim:

[1]  Whether the Trial Judge Erred in Refusing to Enforce the Parties' Rule 11 Agreement[.]

[2]  Whether the Trial Judge Erred in Requiring Mr. Rammah to Pay Mr. Abdeljaber's Attorney Fees When She Refused to Enforce the Parties' Rule 11 Agreement[.]

[3]  Whether the Trial Judge Erred to Deny Mr. Rammah's Motion to Recuse Herself[.]

[4]  Whether the Trial Judge Erred to Deny Mr. Rammah a Hearing Before Another Judge as Provided by Govt Code § 74.059(c)(3) and TRCvP 18a(d)[.]

[5]  Whether the Orders of the Trial Judge After She Denied the Motion to Recuse Herself Were Legally Effective Since She Refused to Permit a Hearing on the Motion[.]

[6]  Whether, if the Orders of the Trial Judge After She Refused to Recuse Herself Were Legally Effective, the Order of Sanctions Against Mr. Rammah and His Counsel Were Supported by the Record[.]

[7]  Whether Mr. Abdeljaber Should Be Ordered to Return to Mr. Rammah the $3,046.00 paid as sanctions[.]

[8]  Whether Mr. Rammah Should Be Permitted to Try His Case to a Jury With a Different Judge[.]

## ANALYSIS

### A.  The Order Denying the Motion to Strike and for Partial Summary Judgment

■ In his first issue, Rammah asks this Court whether the trial court erred "in refusing to enforce the parties' Rule 11 agreement." However, Rammah did not move the trial court to enforce the Rule 11 agreement. Instead, Rammah moved to strike Abdeljaber's answer and for partial summary judgment on the issue of liability. Under Texas Rule of Appellate Procedure 33.1(a), in order to preserve the issue for appeal, Rammah was required to move the trial court to enforce the Rule 11 agreement "with sufficient specificity" and to obtain a ruling on that motion. TEX. R.APP. P. 33.1(a). Rammah did not do so. As a result, we conclude he has waived his first issue.

### B.  The Initial Award of Costs Under Rule 215

■ In his second issue, Rammah complains about the trial court's order awarding $830 in expenses to Abdeljaber, which the trial court awarded to Abdeljaber under Texas Rule of Civil Procedure 215.1(d) when it denied Rammah's motions for discovery sanctions. We review an award of expenses under Texas Rule of Civil Procedure 215.1(d) for abuse of discretion. *Blake v. Dorado*, 211 S.W.3d 429, 434 (Tex.App.-El Paso 2006, no pet.). "The test for an abuse of discretion is not whether, in the opinion of the reviewing

---

2.  *Dondi Properties Corp. v. Commerce Sav. &*  *Loan Ass'n,* 121 F.R.D. 284 (N.D.Tex.1988).

court, the facts present an appropriate case for the trial court's action, but 'whether the court acted without reference to any guiding rules and principles.'" *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

In this case, the trial court did not abuse its discretion in denying Rammah's motion for sanctions because in that motion Rammah sought only death-penalty sanctions without first seeking a lesser discovery sanction as required by Texas law. *See, e.g., Cire*, 134 S.W.3d at 842 (absent exceptional circumstances, trial court must first test effectiveness of lesser discovery sanctions "by actually implementing and ordering each sanction that would be appropriate to promote compliance with the trial court's order."). Rammah does not cite any authority holding that a trial court can award a lesser discovery sanction sua sponte. And we decline to hold that it is an abuse of discretion for a trial court not to award a sanction that is not requested by motion. *Cf. Ball v. Rao*, 48 S.W.3d 332, 338 (Tex.App.-Fort Worth 2001, pet. denied) (holding trial court erred in imposing sanctions under section 9 of the Civil Practices and Remedies Code because motion did not request sanctions under that section).

■ It was also within the trial court's discretion to award reasonable expenses to the prevailing party, including attorneys' fees. *See* Tex.R. Civ. P. 215.1(d); *Hanley v. Hanley*, 813 S.W.2d 511, 522 (Tex.App.-Dallas 1991, no writ) ("Generally, the winning party on a motion for sanctions is entitled to recover expenses, including attorney's fees."). Rammah does not cite any authority to the contrary. Accordingly, we conclude that the trial court did not abuse its discretion in awarding the $830 to Abdeljaber.

## C. The Order Denying the Recusal Motion

■ In his third, fourth, fifth, sixth and eighth issues, Rammah complains about the denial of his recusal motion and the fact that the motion was denied without a hearing. We review a denial of a motion to recuse for abuse of discretion. Tex.R. Civ. P. 18a(f) (if motion to recuse is denied, it may be reviewed for abuse of discretion on appeal from final judgment); *Carmody v. State Farm Lloyds*, 184 S.W.3d 419, 420–21 (Tex.App.-Dallas 2006, no pet.). A court abuses its discretion if it "acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Id.* (citing *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex.2003)).

To recuse a judge, a party must comply with the procedural requirements prescribed by Texas Rule of Civil Procedure 18a. Under that rule, the motion to recuse must be verified and state with particularity the grounds why the judge before whom the case is pending should not sit. Tex.R. Civ. P. 18a(a). The motion must be made on personal knowledge and set forth such facts as would be admissible in evidence, provided that facts may be stated upon information and belief if the grounds of such belief are specifically stated. *Id.*

In this case, Rammah filed an unverified recusal motion. The trial judge then issued an order declining to recuse herself and referring the motion to the presiding judge for the First Administrative Region. The presiding judge then denied the motion without a hearing. Texas courts have consistently held that the procedural requirements of Rule 18a are mandatory. *See, e.g., Carson v. Serrano*, 96 S.W.3d 697, 698 (Tex.App.-Texarkana 2003, pet. denied) (movant could not complain on appeal about trial judge's refusal to recuse himself because motion was procedurally defective); *Gill v. Tex. Dept. of Criminal*

*Justice,* 3 S.W.3d 576, 579 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (movant waived right to complain of denial of recusal motion because he did not file verified motion). Accordingly, we conclude that the court did not abuse its discretion by denying a defective recusal motion without a hearing. We resolve Rammah's third, fourth, fifth, and sixth issues against him.

### D. The Award of Monetary and Death–Penalty Sanctions

 In his seventh issue, Rammah asks this Court whether Abdeljaber "should be ordered to return to [Rammah] the $3,046 paid as sanctions." In his eighth issue, Rammah asks this Court whether he should be allowed to try his case "to a jury with a different judge," which we assume includes both a complaint about the denial of the recusal motion (which we have already addressed) and a complaint about the death-penalty sanctions awarded by the trial court. However, Rammah does not cite any authority or make any argument in support of his questions to this Court about the award of monetary and death-penalty sanctions.

The Texas Rules of Appellate Procedure require that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP. P. 38.1(h); *Kang v. Hyundai Corp.,* 992 S.W.2d 499, 503 (Tex.App.-Dallas 1999, no pet.). Issues raised on appeal, but not briefed, are waived. *Radenovich v. Eric D. Fein, P.C. & Assocs.,* 198 S.W.3d 858, 861 (Tex.App.-Dallas 2006, no pet.); *see also Green v. Kaposta,* 152 S.W.3d 839, 841 (Tex.App.-Dallas 2005, no pet.) (appellate court must remain neutral and cannot perform independent review of record and applicable law to determine whether error occurred). Consequently, we conclude that Rammah has waived error concerning the award of monetary and death-penalty sanctions.

### CONCLUSION

We conclude that Rammah has waived error concerning his first issue, his seventh issue, and the portion of his eighth issue concerning the trial court's award of death-penalty sanctions. We resolve Rammah's remaining issues against him and affirm the judgment of the trial court.