02-10-466-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00466-CV

 

 


 
 
 Mark Lee Newby
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Dianne Marie Uhl
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 324th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          In
what we construe as seven issues, Appellant Mark Lee Newby, pro se,
appeals from a divorce decree dissolving his marriage to Appellee Dianne Marie
Uhl.  We will affirm.

II.  Background

          Newby
and Uhl married in 1999.  They had one child together, B.N., born in September
1999.  Newby worked as a land developer and a builder.  Uhl worked for a
computer company.

          Uhl
filed for divorce in the summer of 2009.  As part of its temporary orders, the
trial court issued a mutual temporary injunction enjoining Newby and Uhl from
selling community or separate property and ordered that all oil and gas monies
or checks received by Newby be delivered to his then-attorney to be deposited
and held in the attorney’s escrow account.  Uhl obtained a protective order
against Newby around the same time; the trial court found that family violence
had occurred and was likely to occur in the future, and the court prohibited
Newby from, among other things, communicating with and committing family
violence against Uhl and B.N.  Uhl supplemented her original petition to allege
claims against Newby for forgery, fraud, invasion of privacy, and breach of
fiduciary duty.

          During
the pendency of the divorce, Uhl filed motions to compel and for sanctions
against Newby for his repeated failure to adequately respond to Uhl’s discovery
requests.  The associate judge ultimately struck Newby’s pleadings as a discovery
sanction.  At the outset of the final bench trial, the trial court stated that
it had reviewed and approved the associate judge’s recommendation regarding
sanctions.

          Aside
from Uhl’s attorney’s testimony about fees, Uhl and Newby were the only two
witnesses who testified at trial.[2]  Uhl testified that Newby
had treated her cruelly and that their marriage was unendurable.  According to
Uhl, Newby wanted to control her “a hundred percent.”  For example, he would
take her cell phone, their cars, her car keys, and her work laptop; he would
force her to sign business documents; he would wake her up in the middle of the
night, yelling at her; and he would say ugly things about her other son to her.
 Uhl testified that Newby had a problem with hydrocodone; that he committed
adultery; that he would lunge at her and grab her, get in her face, and yell at
her; that he dragged her to the balcony and threatened to throw her off of it on
one occasion; and that he had harassed and threatened to kill her during the
course of the divorce.  Uhl also testified about child support, a possession
schedule for B.N, and dividing the community property and debt.  Newby’s
testimony is largely highlighted by his evasive answers and his repeated invocation
of his Fifth Amendment privilege against self-incrimination.

          The
corrected final decree of divorce granted the divorce on the grounds of adultery
and cruel treatment; appointed Uhl sole managing conservator and Newby
possessory conservatory of B.N.; ordered Newby to pay child support to Uhl;
divided the marital estate, including the debt; pierced the corporate veils of
four business entities owned or controlled by Newby, permitting their assets,
if any, to be characterized as community property; found that Newby had committed
fraud by nondisclosure against Uhl, had violated Uhl’s privacy, and had breached
his fiduciary duty owed to Uhl; awarded Uhl actual damages of $100,000 and
exemplary damages of $100,000; ordered Newby to pay attorney’s fees; extended
the protective order for an additional two years; and permanently enjoined
Newby from, among other things, threatening and harassing Uhl.  The trial court
later amended the protective order to include within its coverage Uhl’s
attorney, the attorney’s law firm, and the attorney’s paralegal.[3]

III.  Sanctions

          In
what we construe as his first issue, Newby argues that the trial court abused
its discretion by striking his pleadings as a discovery sanction and erred by
failing to conduct a full hearing before approving the associate judge’s sanctions
recommendation.

          Trial
courts have broad discretion to impose discovery sanctions to secure compliance
with discovery rules, to deter other litigants from similar misconduct, and to
punish violators.  See Chrysler Corp. v. Blackmon, 841 S.W.2d
844, 849 (Tex. 1992).  We therefore review a trial court’s imposition of
discovery sanctions for an abuse of discretion.  Cire v. Cummings, 134
S.W.3d 835, 838 (Tex. 2004).  A trial court abuses its discretion if it acts in
an arbitrary or unreasonable manner, or if it acts without reference to any
guiding rules or principles.  Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241–42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986).  In
reviewing sanctions orders, we are not bound by a trial court’s findings of
fact and conclusions of law; rather, we must independently review the entire
record to determine whether the trial court abused its discretion.  Am.
Flood Research, Inc. v. Jones, 192 S.W.3d 581, 583 (Tex. 2006).

          Texas
rule of civil procedure 215.2(b) allows a trial court to sanction a party for
failure to comply with a discovery order or request.  Tex. R. Civ.
P. 215.2(b).  Sanctions that a trial court may impose include an order
refusing to allow the disobedient party to support or oppose designated claims
or defenses and an order striking pleadings or rendering a judgment by default
against the disobedient party.  Tex. R. Civ. P. 215.2(b)(4), (5).

          In
discovery-sanction cases, a trial court’s discretion is limited by the
requirement that the sanctions be just.  TransAmerican Natural Gas Corp. v.
Powell, 811 S.W.2d 913, 917–19 (Tex. 1991).  A sanction is just if a direct
relationship exists between the offensive conduct and the sanctions imposed.  Id.
at 917; see Chrysler Corp., 841 S.W.2d at 849.  A direct nexus
exists when the sanction is directed against the true offender and is tailored
to remedy any prejudice the discovery abuse caused.  TransAmerican, 811
S.W.2d at 917.  To be just, a sanction must also not be excessive.  Id. 
The record must reflect that the trial court considered the availability of
lesser sanctions.  Otis Elevator Co. v. Parmelee, 850 S.W.2d 179, 181
(Tex. 1993).  A sanction imposed for discovery abuse should be no more severe
than necessary to satisfy its legitimate purposes.  Cire, 134 S.W.3d at
839.

          Here,
Uhl filed her first motion to compel discovery and for sanctions against Newby
in October 2009.  The parties passed on the hearing on the motion to compel,
but on November 6, 2009, the trial court ordered Newby to fully and
completely answer all discovery previously propounded by Uhl, including her interrogatories
and requests for disclosure and for production of documents.  In February 2010,
Uhl filed a second motion to compel discovery and for sanctions, indicating
that Newby had responded to the interrogatories and request for production but complaining
that the interrogatory responses were “totally incomplete and evasive” and that
the production responses were “evasive and incomplete,” and requesting that sanctions
be imposed against Newby.  Approximately five months later, Newby had still not
adequately responded to Uhl’s discovery requests, so on or about July 15,
2010, the trial court ordered Newby to completely respond to Uhl’s
interrogatories and to produce all documents previously requested of him on or
before July 29, 2010, and it sanctioned Newby $1,500 for filing frivolous
objections to Uhl’s discovery requests.  Soon after the July 29, 2010
deadline had passed, Uhl filed a third motion to compel discovery and for
sanctions against Newby, indicating that he had provided additional responses to
Uhl’s discovery requests but complaining that the responses continued to be
evasive.  The trial court granted Uhl’s motion and struck Newby’s pleadings as
a sanction for his discovery abuse.

          The
trial court’s decision to strike Newby’s pleadings was just.  See TransAmerican,
811 S.W.2d at 917–19.  The record demonstrates that over the course of between
nine months and one year, Uhl was forced to file numerous motions to compel and
for sanctions against Newby because of his failure to adequately respond to
Uhl’s discovery requests.  The trial court initially tested lesser sanctions
against Newby, but when they proved to be ineffective, it struck his
pleadings.  A direct relationship exists between Newby’s offensive conduct and
the sanction, and the sanction is not excessive.  Accordingly, we hold that the
trial court did not abuse its discretion by striking Newby’s pleadings.

          Newby
contends that the trial court should have conducted a full hearing as part of
its review of the associate judge’s sanctions recommendation, but nothing in
the record shows that he raised this issue in the trial court, nor does the
record contain a written notice appealing the associate judge’s recommendation
and identifying the associate judge’s findings and conclusions to which Newby
objected.[4]  See Tex. R. App.
P. 33.1(a); In re E.M., 54 S.W.3d 849, 852 (Tex. App.—Corpus
Christi 2001, no pet.) (holding that “to be entitled to a de novo hearing
on appeal of an associate judge’s recommendations to the referring court, a
party must timely file a written notice of appeal containing the associate
judge’s findings and conclusions to which the party objects”).  We overrule
Newby’s first issue.

IV.  Oil and Gas Income

          In
what we construe as his second issue, Newby argues that the associate judge
erroneously divested him of his separate property when, near the beginning of
the case and as part of the temporary orders, she ordered that any oil and gas
income received by Newby or one of his businesses be delivered to his then-attorney
to be held in her escrow account.  Newby contends that the action “forced an
unfair burden on [him and that he] was forced Pro-Se early in the case.”[5]
 Newby’s argument is unpersuasive for several reasons.  While a suit for
dissolution of a marriage is pending, the family code specifically authorizes
the trial court to “render an appropriate order . . . for
the preservation of the property and protection of the parties as deemed
necessary.”  See Tex. Fam. Code Ann. § 6.502(a) (West 2006).  The
trial court thus had the authority to direct that the oil and gas income be “preserved”
pending the divorce proceedings; the temporary order did not “divest” Newby of the
oil and gas income.  Further, even if the trial court somehow lacked the authority
to preserve Newby’s separate property pending the divorce, which it did not, the
record on appeal contains no transcript of a temporary-orders hearing at which Newby
demonstrated that the oil and gas income was indeed his separate property. 
Newby could have challenged the trial court’s temporary order by filing a petition
for writ of mandamus, but he never did.  See Dancy v. Daggett,
815 S.W.2d 548, 549 (Tex. 1991) (orig. proceeding) (op. on reh’g); In re
Russell, 321 S.W.3d 846, 853 (Tex. App.—Fort Worth, orig. proceeding [mand.
denied]).  We overrule Newby’s second issue.

V.  Recusal

          In
what we construe as his third issue, Newby argues that the trial judge abused
his discretion by not recusing himself.[6]

          To
recuse a judge, a party must comply with the procedural requirements prescribed
by rule of civil procedure 18a.  Rammah v. Abdeljaber, 235 S.W.3d 269,
274 (Tex. App.—Dallas 2007, no pet.).  A motion to recuse must be verified and
must not be filed after the tenth day before the date set for trial, unless the
movant neither knew nor reasonably should have known “that the ground stated in
the motion existed.”  Tex. R. Civ. P. 18a(a)(1), (b)(1)(B)(ii).

          Here,
not only was Newby’s motion to recuse not verified, he filed it two to three
months after the final trial concluded, and the contents of the motion
do not show that he was unaware that the grounds stated therein did not exist. 
We hold that there was no abuse of discretion in the denial of Newby’s
defective motion to recuse, and we overrule his third issue.

VI.  Division
of Community Estate

          In
what we construe as his fourth issue, Newby argues that the trial court abused
its discretion by disproportionately dividing the community estate in favor of
Uhl.

          A
trial judge is charged with dividing the community estate in a “just and right”
manner, considering the rights of both parties.  Tex. Fam. Code Ann.
§ 7.001 (West 2006); Watson v. Watson, 286 S.W.3d 519, 522 (Tex. App.—Fort
Worth 2009, no pet.).  The court has broad discretion in making a just and
right division, and absent a clear abuse of discretion, we will not disturb
that division.  Jacobs v. Jacobs, 687 S.W.2d 731, 733 (Tex. 1985); Boyd
v. Boyd, 131 S.W.3d 605, 610 (Tex. App.—Fort Worth 2004, no pet.).

          Community
property does not have to be divided equally, but the division must be
equitable.  Kimsey v. Kimsey, 965 S.W.2d 690, 704 (Tex. App.—El Paso
1998, pet. denied).  In determining whether to disproportionately divide the
community estate, the trial court may consider, among other things, a spouse’s
dissipation of the community estate, any misuse of community property, and fault
in the breakup of the marriage.  Murff v. Murff, 615 S.W.2d 696, 699
(Tex. 1981); Vannerson v. Vannerson, 857 S.W.2d 659, 669 (Tex.
App.—Houston [1st Dist.] 1993, writ denied).  When one spouse not only deprives
the other of community assets but does so with dishonesty and intent to
deceive, the trial court may consider such heightened culpability in its
division.  Schlueter v. Schlueter, 975 S.W.2d 584, 589–90 (Tex. 1998). 
A disproportionate division must be supported by some reasonable basis.  Smith
v. Smith, 143 S.W.3d 206, 214 (Tex. App.—Waco 2004, no pet.).

          Uhl
testified that Newby forged her name to several checks, causing her to incur
approximately $85,000 in tax liability to the IRS; that Newby routinely
transferred ownership of property (including vehicles) between several business
entities “to protect them or something”; that Newby made her execute several
bank notes (including one so that Newby could get $15,000 cash) that are
presently due and owing; that Newby sold property (mineral rights) during the
pendency of the divorce despite the trial court’s mutual temporary injunction
enjoining the parties from disposing of both community and separate property;
and that Newby pawned her diamond earrings.  Newby testified after Uhl, but
instead of contradicting Uhl’s testimony, he repeatedly invoked his Fifth
Amendment privilege against self-incrimination and evasively answered Uhl’s
attorney’s questions.[7]

          A
reasonable basis exists for the trial court’s decision to disproportionately
divide the community estate in favor of Uhl.  Accordingly, we hold that the
trial court did not abuse its discretion in its equitable division of the
marital estate, and we overrule Newby’s fourth issue.

VII.  Inadequately Briefed Issues

          In
what we construe as his fifth, sixth, and seventh issues, Newby argues that the
trial court abused its discretion by awarding attorney’s fees, damages for
fraud, and custody of B.N. to Uhl.  One of our sister courts recently
explained,

          We construe
liberally pro se pleadings and briefs; however, we hold pro se
litigants to the same standards as licensed attorneys and require them to
comply with applicable laws and rules of procedure.  To do otherwise would give
a pro se litigant an unfair advantage over a litigant who is represented
by counsel.  The law is well established that, to present an issue to this
Court, a party’s brief shall contain, among other things, a concise,
nonargumentative statement of the facts of the case, supported by record
references, and a clear and concise argument for the contention made with
appropriate citations to authorities and the record.  Bare assertions of error,
without argument or authority, waive error.  When a party fails to adequately
brief a complaint, he waives the issue on appeal.

Washington
v. Bank of New York, 362 S.W.3d 853, 854–55 (Tex. App.—Dallas
2012, no pet.) (citations omitted).

          Here,
Newby’s fifth, sixth, and seventh issues consist of these three bullet points:  “•Judgment
to pay petitioners absorbent [sic] attorney fees of $93,000”; “•Judgment of
$100,000 . . . regarding alleged business fraud”; and “•‘Sole’ custody of
[B.N.], The Child in this matter.”  All three issues are waived as inadequately
briefed because they are nothing more than bare assertions of alleged error
that fail to set forth any argument or authorities.  See Tex. R. App. P. 38.1(i);
Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex.
1994) (discussing “long-standing rule” that issue may be waived due to
inadequate briefing).  We overrule Newby’s fifth, sixth, and seventh issues.

VIII.  Conclusion

          Having
overruled all of Newby’s issues, we affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL:  MEIER, GARDNER, and WALKER, JJ.

 

DELIVERED: 
August 2, 2012









[1]See Tex. R. App. P. 47.4.





[2]Both Uhl and Newby were
represented by counsel at trial.





[3]The trial court stated the
following at the conclusion of the trial:

Mr. Newby, we’ve talked before.  I cannot imagine how
anyone could have done any worse [of a] job tha[n] you’ve done in this
divorce.  You’ve had five attorneys.  All of them I respect.  And I cannot
imagine that they had much of an influence on you because you wouldn’t have
done this.

I don’t know how you could have done any worse, as I’ve
said.  And that’s not even to mention what may be occurring in the bankruptcy
court or other criminal courts.  I’m just talking about the things you’ve done
in this court which led to your- -to the striking of you[r] pleadings.

You’ve just- -I was trying to think during this
trial of anything that you’ve done right.  There’s almost nothing.  You’ve left
the Court with no choice.





[4]Newby does not assert any
argument that he was improperly prohibited from participating in any portion of
the final trial on the merits.  See Paradigm Oil, Inc. v. Retamco Operating,
Inc., No. 10-0997, 2012 WL 2361725, at *6–7 (Tex. June 22, 2012)
(holding that sanction of precluding party from damages portion of trial was
excessive).





[5]Newby does not challenge
the divorce decree’s disposition of separate property.





[6]The presiding judge of the
eighth administrative judicial region denied Newby’s motion to recuse.





[7]At one point, Newby
commented, “I plead the fifth.  You can’t get that through your head.”  See
Wilz v. Flournoy, 228 S.W.3d 674, 677 (Tex. 2007) (reasoning that
factfinder in civil case may draw negative inference from party’s assertion of
privilege against self-incrimination); see also Tex. R. Evid. 513(c).