**Affirmed and Opinion Filed April 13, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01142-CV

### ERIC C. HALL, Appellant
### V.
### TEXAS WORKFORCE COMMISSION AND ABM, Appellees

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-14789**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Bridges, and Justice Evans
Opinion by Justice Bridges

This underlying lawsuit involves a challenge under the Texas Unemployment Compensation Act denying appellant Eric Hall, pro se, unemployment compensation. The trial court signed an order of dismissal with prejudice after Hall failed to appear for trial. In five issues, Hall argues (1) the order denying a motion to disqualify signed by a visiting judge is void as a matter of law; (2) all subsequent orders signed after the denial of the recusal motion are void; (3) the trial court abused its discretion by denying a motion for continuance; (4) the trial court abused its discretion by disregarding his motion for default judgment after appellee ABM failed to timely answer; and (5) the trial court abused its discretion by abating the case. We affirm the trial court's judgment. Because the underlying facts are well-known to the parties and

not necessary to our disposition of the appeal, we issue this memorandum opinion.  TEX. R. APP. P. 47.1.

We begin by addressing appellees' argument that Hall's appeal should be dismissed or the judgment affirmed for failing to comply with Texas Rule of Appellate Procedure 38.1.

We notified Hall by letter dated May 18, 2015 that his brief failed to comply with, among other things, rule 38.1(h) and 38.1(i).  *See* TEX. R. APP. P. 38.1(h) (brief does not contain succinct, clear, and accurate statement of the argument in the body of the brief); 38.1(i) (argument does not contain appropriate citations to the record).  He filed an amended brief and corrected some of the deficiencies, such as including a table of contents, certificate of service, and adding some record citations.  However, the Texas Rules of Appellate Procedure require that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."  TEX. R. APP. P. 38.1(h); *Rammah v. Abdeljaber*, 235 S.W.3d 269, 275 (Tex. App.—Dallas 2007, no pet.).  An issue on appeal unsupported by argument or citation to any legal authority presents nothing for the court to review.  *Strange v. Continental Cas. Co*., 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied).

Hall raises five issues under "ISSUES PRESENTED."  After his "STATEMENT OF FACTS," which contains only some citations to pleadings in the clerk's record but no record citations supporting his other factual assertions, he provides the following "SUMMARY OF THE ARGUMENT":

> Assignment of Judge Kent Sims
>
> The assignment of the Honorable Judge Kent Sims by the administrative Judge Murphy was clearly beyond the scope or intent of the statute in Texas Government Code Sec. 74.053. There was no notice of this assignment sent to any party at the time of the assignment. There was no notice of the hearing as could be scheduled by the assigned Judge Kent Sims. The party has a right

to strike this visiting judge under the code. [*Anderson v. City of Port Arthur*, 2010 Tex. App. LEXIS 7706] The Appellant went to his computer and then filed strike under the Texas Government Code §74.053. The order denying the Disqualification creates the issue that all orders subsequently signed by Judge Tillery are therefore void. There are no waiver of rights on this issue.

The "PRAYER" immediately follows the seven sentence summary of the argument.

On appeal, as in trial, the pro se appellant must properly present his case. *Strange*, 126 S.W.3d at 677–78 ("pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure"). Hall has failed to present any arguments in support of issues three, four, and five, which challenge the trial court's denial of his motion for continuance, his motion for default judgment, and the trial court's abatement of the case. Accordingly, we conclude he has waived these complaints on appeal. *Id*. at 678.

To the extent Hall is challenging Judge Sims's authority to hear the recusal motion because he filed an objection based on lack of notice under Texas Government Code Annotated section 74.053, Hall's issue is waived. Hall's objection to Judge Sims was filed on June 11, 2014, which was two days after Judge Sims ruled on the motion. An objection to an assigned judge is untimely if it is filed after the assigned judge makes any ruling in the case. *In re Canales*, 52 S.W.3d 698, 704 (Tex. 2001); *In re S.N.Z.*, 421 S.W.3d 899, 907 (Tex. App.—Dallas 2014, pet. denied). We overrule Hall's first issue. Based on our disposition of Hall's first issue, we need not consider whether the subsequent orders signed by Judge Tillery were void as a matter of law. Tex. R. App. P. 47.1. Hall's second issue is overruled.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
141142F.P05                                JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ERIC C. HALL, Appellant

No. 05-14-01142-CV      V.

TEXAS WORKFORCE COMMISSION
AND ABM, Appellees

On Appeal from the 134th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-14789.
Opinion delivered by Justice Bridges.
Chief Justice Wright and Justice Evans
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees TEXAS WORKFORCE COMMISSION AND ABM recover their costs of this appeal from appellant ERIC C. HALL.

Judgment entered April 13, 2016.