**Affirmed and Opinion Filed April 26, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01371-CV

**KEITH WAGONER AND DARRON T. WILSON, Appellants**
**V.**
**DALLAS COUNTY, CITY OF DALLAS, DALLAS INDEPENDENT SCHOOL DISTRICT, WILMER-HUTCHINS INDEPENDENT SCHOOL DISTRICT, DALLAS COUNTY SCHOOL EQUALIZATION FUND, PARKLAND HOSPITAL, AND DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, Appellees**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. TX-13-31197**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Bridges, and Justice Evans
Opinion by Justice Bridges

Appellees Dallas County, City of Dallas, Dallas Independent School District, Wilmer-Hutchins Independent School District, Dallas County School Equalization Fund, Parkland Hospital and Dallas County Community College District (collectively appellees) filed the underlying lawsuit to recover $53,937.07 in delinquent ad valorem taxes for a residence located in Dallas County. The trial court entered judgment in favor of appellees. Appellants Keith Wagoner and Darron T. Wilson, both appearing pro se, appeal the October 2, 2014 judgment. We affirm the trial court's judgment. The record contains very little regarding the underlying facts; therefore, we include only those relevant for disposition of the appeal. TEX. R. APP. P. 47.1.

Appellees sued many of the heirs of the estate of Gertrude Wagoner for delinquent ad valorem taxes. After citation by posting and at the request of appellees, the trial court appointed an attorney ad litem to represent some of the family members. *See* TEX. R. CIV. P. 244 ("Where service has been made by publication, and no answer has been filed nor appearance entered within the prescribed time, the court shall appoint an attorney to defend the suit on behalf of the defendant . . . ."). The attorney ad litem filed an answer denying the allegations on behalf of his clients. Wilson filed an answer, and requested a bench warrant to appear at trial because he was incarcerated. The trial court implicitly denied his request for bench warrant. Wagoner failed to answer or appear at trial.[1]

On October 2, 2014, appellees appeared and asked the trial court to take judicial notice of three documents proving their case for delinquent taxes: (1) an affidavit and delinquent tax statement detail; (2) an affidavit of heirship; and (3) a warranty deed with vendor's lien. The attorney ad litem was not present at the hearing, and the record does not indicate the presence of any other defendants. The trial court granted judgment in favor of appellees and awarded $53,937.07 in damages. This appeal followed.

Wilson and Wagoner filed pro se briefs. On appeal, as in trial, the pro se appellant must properly present his case. *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 677–78 (Tex. App.—Dallas 2004, pet. denied) ("pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and rules of procedure"). The Texas Rules of Appellate Procedure require that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(h); *Rammah v. Abdeljaber*, 235 S.W.3d 269, 275 (Tex. App.—Dallas 2007, no pet.). An

---

[1] Appellees' amended petition lists Wagoner's address with a "(Service requested: WAIVER OF CITATION)" notation.

issue on appeal unsupported by argument or citation to any legal authority presents nothing for the court to review. *Strange*, 126 S.W.3d at 678.

Both Wilson's and Wagoner's briefs fail to "state concisely all issues or points presented for review." TEX. R. APP. P. 38.1(f). They also fail to provide this court with any relevant legal authority or citations to the record in support of the arguments. TEX. R. APP. P. 38.1(h); *Rammah*, 235 S.W.3d at 275. Accordingly, they have presented the Court with nothing to review. *Strange*, 126 S.W.3d at 678.

To the extent Wilson and Wagoner appear to argue they were denied effective assistance of counsel, the doctrine of ineffective assistance of counsel does not extend to civil cases. *McCoy v. Tex. Instruments, Inc.*, 183 S.W.3d 548, 553 (Tex. App.—Dallas 2006, no pet.).

To the extent they appear to challenge the sufficiency of appellees' evidence to support the judgment, the arguments are without merit. Appellees established their prima facie case "as to every material fact necessary to establish the cause of action" when they introduced an affidavit and delinquent tax statement detail. *See Maximum Med. Improvement, Inc. v. Cnty. of Dallas*, 272 S.W.3d 832, 835 (Tex. App.—Dallas 2008, no pet.); *see also* TEX. TAX CODE ANN. § 33.47(a) (West 2015) ("certified copies of the entries showing the property and the amount of tax and penalties imposed . . . constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of the law and that the amount of tax alleged to be delinquent . . . on that tax as listed are the correct amounts"). Accordingly, the trial court did not err by granting judgment in favor of appellees.

Finally, to the extent Wilson appears to argue the trial court abused its discretion by denying his bench warrant request, an inmate has no absolute right to appear in person for the trial of a civil case. *In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). Although an inmate may not be denied reasonable access to the courts, a prisoner requesting a bench warrant must justify the

need for his presence and it is not the obligation of the trial court to go beyond the bench warrant request and independently inquire of the necessity of his live appearance. *Id.*; *In re Pruett*, No. 05-13-00378-CV, 2014 WL 1031035, at *2 (Tex. App.—Dallas Mar. 14, 2014, pet. dism'd) (mem. op.).

Wilson filed a "response to order for continuance" in which he argued he needed to be bench warranted for the October 2, 2014 hearing to "present testimony, other evidence and cross examine plaintiffs, their witnesses, and challenge all their evidence" to avoid violations of his Due Process and Equal Protection rights. His request for a bench warrant included no information by which the court could assess the necessity for his appearance. *In re Z.L.T.*, 124 S.W.3d at 166. "In general, our rules place the burden on the litigants to identify with sufficient specificity the grounds for a ruling they seek." *Id.* (citing TEX. R. CIV. P. 21). A defendant's status as an inmate does not alter that burden. *Id.* Wilson failed to meet his burden. Accordingly, the trial court did not abuse its discretion by implicitly denying his request for a bench warrant.

The judgment of the trial court is affirmed.

/David L. Bridges/
DAVID L. BRIDGES
141371F.P05                                     JUSTICE

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KEITH WAGONER, AND DARRON T. WILSON, Appellants

No. 05-14-01371-CV      V.

DALLAS COUNTY, CITY OF DALLAS, DALLAS INDEPENDENT SCHOOL DISTRICT, WILMER-HUTCHINS INDEPENDENT SCHOOL DISTRICT, DALLAS COUNTY SCHOOL EQUALIZATION FUND, PARKLAND HOSPITAL, AND DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, Appellees

On Appeal from the 298th Judicial District Court, Dallas County, Texas
Trial Court Cause No. TX-13-31197.
Opinion delivered by Justice Bridges. Chief Justice Wright and Justice Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees DALLAS COUNTY, CITY OF DALLAS, DALLAS INDEPENDENT SCHOOL DISTRICT, WILMER-HUTCHINS INDEPENDENT SCHOOL DISTRICT, DALLAS COUNTY SCHOOL EQUALIZATION FUND, PARKLAND HOSPITAL, AND DALLAS COUNTY COMMUNITY COLLEGE DISTRICT recover their costs of this appeal from appellant KEITH WAGONER AND DARRON T. WILSON.

Judgment entered April 26, 2016.