

# Fourth Court of Appeals

## San Antonio, Texas

### OPINION

No. 04-12-00581-CV

**BANDERA COUNTY**,
Appellant

v.

Susan **HOLLINGSWORTH** and Gregory Hollingsworth,
Appellees

From the 216th Judicial District Court, Bandera County, Texas
Trial Court No. TX-10-103
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  November 27, 2013

REVERSED AND RENDERED IN PART; REVERSED AND REMANDED IN PART

Bandera County appeals the trial court's judgment that denies its plea to the jurisdiction, grants a summary declaratory judgment, and awards attorney's fees to appellees Susan and Gregory Hollingsworth. We hold the trial court erred in part by denying the plea to the jurisdiction as to one of the Hollingsworths' claims and erred by granting summary judgment on the other claim. We reverse the trial court's judgment in its entirety, render a partial judgment of dismissal, and remand the rest of the case to the trial court.

**BACKGROUND**

In November 2009, the Bandera County Tax Assessor-Collector sent Susan and Gregory Hollingsworth an "Omitted Property Statement," advising that "some of your value" had been left off the tax rolls for the years 2005 through 2009. The notice stated the Hollingsworths owed $14,090.41 in taxes and interest. It further stated the taxes would become delinquent on February 1, 2011, and would incur penalties, additional interest, and attorney's fees if not paid by that date. The Hollingsworths paid the amount shown due for 2009.

On April 1, 2010, Bandera County sued the Hollingsworths for delinquent property taxes for the years 2005 through 2008. The petition sought judgment for the taxes due, together with interest, penalties, costs, expenses, and attorney's fees, and sought foreclosure of the tax lien against the property. The Hollingsworths contacted the County Tax Assessor-Collector's office to find out why they had been sued when the November statement indicated the taxes would not become delinquent until February 2011. They spoke with Mae Vion Meyer, the Bandera County Tax Assessor-Collector, who consulted with the attorney representing the county. On April 22, 2010, Ms. Meyer sent the Hollingsworths a letter stating that the November 2009 statement contained several errors: first, the November 2009 statement should have included full penalty, interest and attorney's fees on the taxes on the omitted property, and second, the February 2011 delinquency date was erroneous. The letter further stated that because of the Tax Assessor-Collector's errors in the November 2009 notice, the County would accept payment of the base tax plus one percent per month interest in full payment if the Hollingsworths paid by June 1, 2010. The letter advised that if that amount was not paid by June 1, 2010, "it will immediately go to full penalty, interest, attorney fees and court cost." The Hollingsworths did not respond and instead filed an answer to the tax suit.

In a series of letters between counsel in June 2010, the parties ostensibly agreed to terms for settling the case. However, when Bandera County demanded an amount higher than what the Hollingsworths believed had been agreed upon, the Hollingsworths filed a counterclaim. The counterclaim sought a judgment (1) declaring that the parties reached an enforceable Rule 11 agreement to settle the suit and ordering the County to specifically perform according to its terms; (2) declaring the correct amount of tax, penalty and interest due as a matter of law on the 2005 – 2008 omitted property and declaring that the taxes did not become delinquent until February 1, 2011; and (3) awarding the Hollingsworths attorney's fees.

The Hollingsworths subsequently filed a traditional motion for summary judgment on their counterclaims. The County responded to the motion and filed a plea to the jurisdiction, asserting governmental immunity from the Hollingsworths' claims. The trial court denied the plea to the jurisdiction and granted the Hollingsworths' motion for summary judgment. The trial court rendered judgment declaring that the parties reached a legally binding settlement agreement on June 29, 2010, pursuant to which the Hollingsworths were to pay $11,767.84. The judgment further declared that the amount "legally owed" by the Hollingsworths as of November 2009 for the taxes at issue in this suit was $11,767.84[1], and that the taxes did not become delinquent until February 1, 2011. The court awarded the Hollingsworths $5,000 in attorney's fees for trial and $3,000 for appeal. The judgment recited that it disposed of all parties and issues. The County appeals.

---

[1] The $11,767.84 figure the trial court declared was "legally owed" in November 2009 and declared was the agreed settlement amount represents the base tax and accrued interest shown on the November tax statement, less the 2009 taxes the Hollingsworths had paid.

## STANDARD OF REVIEW

On appeal, we review the trial court's rulings on the motion for summary judgment and plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Provident Life & Acc. Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In determining whether jurisdiction exists, "[w]e construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent." *Miranda*, 133 S.W.3d at 226. "However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised . . . ." *Id.* at 227. In that case, the standard generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c). *Id.* at 228.

In a traditional motion for summary judgment filed under Texas Rule of Civil Procedure 166a(c), the movant must establish that there is no genuine issue of material fact as to any element of his cause of action and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 814 (Tex. 2005). In our review of the trial court's rulings on both a plea to the jurisdiction and a summary judgment, we take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Miranda*, 133 S.W.3d at 228; *Provident Life*, 128 S.W.3d at 215.

## THE RULE 11 AGREEMENT

### *Immunity*

The County argues that governmental immunity bars the Hollingsworths' claim that the parties reached an enforceable Rule 11 settlement agreement, whether that claim is asserted as a

breach of contract claim or one for declaratory judgment. *See Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855–56 (Tex. 2002) (stating parties may not circumvent sovereign immunity from suit by characterizing a contract dispute as a declaratory judgment action). The County argues it is immune from a suit to declare a contract valid and enforceable, and that there has been no statutory waiver of immunity or Legislative consent for this claim. *See Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001).

Governmental immunity in Texas is a common law doctrine and its boundaries are set by the judiciary. *City of Dallas v. Albert*, 354 S.W.3d 368, 373 (Tex. 2011); *Texas A & M Kingsville v. Lawson*, 87 S.W.3d 518, 520 (Tex. 2002) (plurality opinion). Although waivers of immunity are generally the prerogative of the Legislature, the judiciary has modified the common-law immunity doctrine and, to an extent, abrogated immunity of governmental entities that file suit. *See Albert*, 354 S.W.3d at 373–74; *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 377 (Tex. 2006). For example, when a governmental entity files an affirmative claim for monetary relief in court, the entity does not have immunity from the opponent's claims that are "germane to, connected to, and properly defensive to" the claims asserted by the governmental entity. *Albert*, 354 S.W.3d at 373–75; *Reata*, 197 S.W.3d at 378. In that case, the governmental entity is not immune from claims for monetary relief to the extent they offset the amounts claimed by the governmental entity. *Albert*, 354 S.W.3d at 373–75; *Reata*, 197 S.W.3d at 378. And when the government settles a suit against it on a claim for which immunity has been waived, it is not immune from a suit claiming breach of the settlement agreement. *Lawson*, 87 S.W.3d at 521–23.

The County argues *Lawson* does not apply because in that case the suit settled was one *against* the governmental entity for which immunity had been waived by the Legislature. And it argues *Reata* does not apply because the County's suit for delinquent taxes is not one for monetary

damages and the claim to enforce the settlement agreement is an independent claim, not one properly defensive to the tax claim or asserted as an offset to the tax claim.

While we agree that *Lawson*, *Reata*, and *Albert* are distinguishable on their facts, the opinions make clear that a governmental entity's decision to engage in litigation can and does affect its immunity from suit. When the governmental entity chooses to engage in litigation to assert an affirmative claim, it generally "must participate in the litigation process as an ordinary litigant" as to that claim. *Albert*, 354 S.W.3d at 375; *Reata*, 197 S.W.3d at 377. Ordinary litigants may enter into binding agreements pursuant to Rule 11 of the Texas Rules of Civil Procedure, and the trial court has a ministerial duty to enforce a valid Rule 11 agreement. *See Fortis Benefits v. Cantu*, 234 S.W.3d 642, 651 & n.58 (Tex. 2007) (citing *Scott-Richter v. Taffarello*, 186 S.W.3d 182, 189 (Tex. App.—Fort Worth 2006, pet. denied)).

In *Reata*, the court noted that the considerations underlying immunity from suit were not adversely implicated by its holding. 197 S.W.3d at 375. By choosing to engage in litigation to assert its own affirmative claims for monetary damages, the entity has presumably made a decision to expend resources to pay litigation costs. *Id.* Because the opposing party's claims can operate only as an offset to reduce the government's recovery, the fiscal planning of the entity should not be disrupted. *Id.*; *see also Lawson*, 87 S.W.3d at 522 (discussing reasons the Legislature generally decides whether to waive immunity for contract claims and noting that allowing suit against government for breach of agreement settling a claim for which immunity has been waived does not interfere with the Legislature's policy choices).

Similarly, in this case, "we see no ill befalling the governmental entity or hampering of its governmental functions" by allowing the Hollingsworths to assert a claim for a declaration that the County entered into an enforceable Rule 11 agreement to settle its tax suit. *See Reata*, 197 S.W.3d at 376–77. The Hollingsworths' bare declaratory judgment claim does not seek monetary

relief and does not seek to affect the County's policymaking functions. Rather, the claim merely seeks to determine the enforceability of a settlement agreement entered into by the County, as a litigant, to end the litigation the County itself instigated. We hold the County is not immune from that claim and the trial court did not err in denying the plea to the jurisdiction with respect to that claim.

### *Summary Judgment*

The County argues alternatively that the trial court erred in granting summary judgment because the summary judgment evidence did not establish an enforceable agreement under Rule 11 as a matter of law. We agree.

The Hollingsworths' motion sought summary judgment declaring that the correspondence between counsel on June 28 and June 29, 2010 was a complete, unambiguous, and enforceable Rule 11 agreement to settle the case. Rule 11 agreements are contracts relating to litigation and are subject to general rules of contract construction. *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404–05 (Tex. 1971); *Dallas Cnty. v. Rischon Dev. Corp.*, 242 S.W.3d 90, 93 (Tex. App.— Dallas 2007, pet. denied). For an enforceable contract to be formed, "the minds of the parties must meet with respect to the subject matter of the agreement and all its essential terms." *G.D. Holdings, Inc. v. H.D.H. Land & Timber, L.P.*, 407 S.W.3d 856, 861 (Tex. App.—Tyler 2013, no pet.). "'Meeting of the minds'" describes the mutual understanding and assent to the agreement regarding the subject matter and the essential terms of the contract." *Potcinske v. McDonald Prop. Inv., Ltd.*, 245 S.W.3d 526, 530 (Tex. App.—Dallas 2007, no pet.); *Weynand v. Weynand*, 990 S.W.2d 843, 846 (Tex. App.—Dallas 1999, pet. denied). "Where an essential term is open for future negotiation, there is no binding contract." *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992). Whether a contract contains all of the essential terms for it to be enforceable is a question of law. *G.D. Holdings*, 407 S.W.3d at 861.

A settlement agreement must also comply with Rule 11 to be enforceable by the court. *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995). Rule 11 requires the agreement to be in writing, signed, and filed with the papers as part of the record. TEX. R. CIV. P. 11; *Padilla*, 907 S.W.2d at 460. The writing need not be contained in one single document to satisfy the "in writing" requirement; however, the writings must be complete in every material detail and must contain all of the essential elements of the agreement, so that the contract can be ascertained from the writings without resorting to oral testimony. *Padilla*, 907 S.W.2d at 460.

The summary judgment evidence shows that before counsel engaged in the discussions that allegedly resulted in the Rule 11 agreement, the County Tax Assessor-Collector had notified the Hollingsworths, both orally and in writing via her April 2010 letter, that the delinquency date and the amounts shown to be due in the November 2009 omitted property tax statement were incorrect. She advised the Hollingsworths that the statement should have included accrued penalties, additional interest, and fees. Because of the errors the Tax-Assessor-Collector had made in the November 2009 statement, she offered to accept the base tax shown on that statement plus one percent interest per month from the original date due in full satisfaction if the Hollingsworths paid by June 1, 2010. The Hollingsworths did not respond to that offer.

In June 2010, after the Hollingsworths answered the tax suit, counsel for the parties attempted to settle. The Hollingsworths rely on three pieces of correspondence to establish the agreement. The first is a letter dated June 28, 2010 from the County's attorney to the Hollingsworths' attorney. The letter restated the County's position that the delinquency date in the November 2009 statement was incorrect and that penalties and interest were already due on the 2005 – 2008 taxes at that time. The letter concluded, stating:

> At this point I am willing to negotiate a settlement with you. One possible starting point is that your clients should have relief from all penalties and interest accruing after November 2009, including court costs, on the assumption that they

would have paid the bill at that time. I am willing to entertain other offers or proposals.

The Hollingsworths' attorney responded the same day, stating in relevant part:

> We appreciate your offer to settle the case based on forgiving the penalties and interest accruing after November of 2009. We would appreciate your providing a summary of the amount due based on that scenario, with base tax and interest itemized for each year. They would also request reimbursement for attorney's fees of $700.00, or some credit for this amount.

The following day, June 29, 2010, the County's attorney made handwritten notes on the letter he had received and returned it to the Hollingsworths' attorney by facsimile transmission. The handwritten note stated, "I agree to all this including reimbursement of $700 Atty fees." The note was followed by the County's attorney's initials and the date. The attorney drew an arrow to illustrate the items to which he was agreeing and numbered the items:

> **(1)** We appreciate your offer to settle the case based on forgiving the penalties and interest accruing after November of 2009.

> **(2)** We would appreciate your providing a summary of the amount due based on that scenario, with base tax and interest itemized for each year.

> **(3)** They would also request reimbursement for attorney's fees of $700.00, or some credit for this amount.

Later that day, the County's attorney sent a summary and a detailed, itemized "Certified Tax Statement." It stated that the total amount of taxes, penalties, interest, and fees due on the 2005 through 2008 taxes, if paid in November 2009, was $15,172.88. The letter stated that if the Hollingsworths paid that amount, less a $700 credit for attorney's fees, the County would nonsuit the case. The Hollingsworths did not pay that amount and asserted that the tax and interest due as of November 2009 was that shown on the November 2009 tax notice—$11,767.84.

It is apparent from the summary judgment record that the Hollingsworths were negotiating with reference to the sums shown on the November 2009 statement, which included no penalties or additional interest accruing before that date. It is equally apparent that the County was

negotiating with reference to the Tax Assessor's April 2010 notice that penalties, additional interest, and fees should have been included on the November statement. It is now clear the parties disagreed on what provisions of the Tax Code apply, whether the County may retroactively impose penalties, interest, and fees from the date the taxes would have become delinquent had the taxes been imposed in the proper tax year, and if so, when they were properly imposed.

The County contends the summary judgment evidence establishes there was no meeting of the minds as to a material term—the amount the Hollingsworths would pay. The Hollingsworths argue that the complete agreement was "to settle the case based on forgiving the penalties and interest accruing after November of 2009" and "reimbursement for attorney's fees of $700.00." They contend that agreement on the specific dollar amount due as of November 2009 was not necessary because the parties "clearly" agreed that number would be supplied by the November 2009 omitted tax statement, a "simple calculation" pursuant to the Tax Code, or determined by the trial court as a matter of law. We disagree.

The "agreement" did not refer to the November 2009 statement or the Tax Code, and did not state the parties agreed to allow the trial court to determine the amount due. Instead, the Hollingsworths' attorney asked the County to provide a new calculation, and the parties never reached a meeting of the minds, either on an amount or on a method for determining the amount.

We hold the summary judgment evidence shows there was no meeting of the minds as to the amount to be paid in settlement or how it would be calculated, and therefore no enforceable contract was formed. *See Harris v. Balderas*, 27 S.W.3d 71, 78 (Tex. App.—San Antonio 2000, pet. denied) (reversing summary judgment enforcing settlement agreement where evidence showed there was no meeting of the minds on essential terms of agreement because parties had varying interpretations of which claims were being settled and how much party would receive). Moreover, there was no agreement complying with Rule 11 because the writings were not

complete in "every material detail" and did not "contain all of the essential elements of the agreement, so that the contract could be ascertained from the writings." *See Padilla*, 907 S.W.2d at 460. We therefore reverse the part of the judgment declaring that the parties reached a legally binding settlement agreement and declaring the terms of the agreement.

## THE LEGAL AMOUNT OWED

The County next argues the trial court erred in denying its plea to the jurisdiction regarding the Hollingsworths' claim for a declaratory judgment of the amount they legally owed under the Tax Code and the date of delinquency. We agree. The Declaratory Judgments Act is not a general waiver of sovereign immunity. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621–22 (Tex. 2011). Absent a legislative waiver, sovereign immunity bars Declaratory Judgments Act actions against the State and its political subdivisions. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372–73 (Tex. 2009). The Act "does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law." *Sefzik*, 355 S.W.3d at 321.

The Hollingsworths do not challenge the validity of any tax statute and do not challenge the application of any tax statute to them. Rather, their pleading simply requests a declaration of the amount they owe and the delinquency date under the Tax Code. The County retains governmental immunity from that claim. *See id.* We hold the trial court erred in denying the County's plea to the jurisdiction on the claim for a declaratory judgment as to the amount legally owed and the "proper" delinquency date.[2] To the extent the trial court judgment granted relief on this declaratory judgment claim, the judgment is reversed and the claim is dismissed.

---

[2] Even if not barred by governmental immunity, the declaratory judgment sought by the Hollingsworths would be improper as a matter of law because it seeks no more than a declaration with respect to matters already put in issue by the County's tax suit and the Hollingsworths' answer. *See BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) ("The Declaratory Judgments Act is 'not available to settle disputes already pending before a court.'" (citations omitted)); *Tex. Liquor Control Bd. v. Canyon Creek Land Corp.,* 456 S.W.2d 891, 895 (Tex. 1970) ("An action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory judgment action.").

## FEES

Because we are reversing the declaratory judgment in its entirety, we also reverse the trial court's award of attorney's fees under the Declaratory Judgments Act. However, because we must remand the declaratory judgment claim on the existence of an enforceable Rule 11 agreement, we address the County's argument that the Hollingsworths may not recover attorney's fees.

"[A] party cannot use the [Declaratory Judgments] Act as a vehicle to obtain otherwise impermissible attorney's fees." *MBM Fin. Corp. v. The Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009). When a claim for declaratory relief is made as an alternative to a breach of contract claim, attorney's fees may be recovered only if they would be recoverable for the underlying breach of contract claim. *Id.* Were the Hollingsworths successful on a claim that the County breached a settlement agreement, they could recover fees only if authorized by the agreement or by statute. Chapter 38 of the Civil Practice and Remedies Code, the general attorney's fee statute, does not authorize an award of attorney's fees against a county. *Base-Seal, Inc. v. Jefferson Cnty.*, 901 S.W.2d 783, 788 (Tex. App.—Beaumont 1995, writ denied). Because the Hollingsworths could not recover attorney's fees on a claim against the County for breach of a settlement agreement, they may not recover fees under the Declaratory Judgments Act on a claim to declare the agreement enforceable. *See MBM Fin.*, 292 S.W.3d at 669–71.

## CONCLUSION

We reverse the trial court's judgment in its entirety. We hold the trial court erred in denying the County's plea to the jurisdiction on the Hollingsworths' claim for a judgment declaring the correct amount of taxes due and the delinquency date. To the extent the trial court granted judgment on that claim, we reverse the judgment, and we render judgment dismissing that claim. We further hold the trial court erred in granting the Hollingsworths' motion for summary judgment on their claim for a declaration that the parties reached an enforceable Rule 11 settlement

agreement.  We therefore reverse the judgment on that claim and remand the case to the trial court for further proceedings.


Luz Elena D. Chapa, Justice