**Affirmed and Opinion Filed October 27, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00938-CV

### MACDONALD DEVIN, PC AND PATRICK F. MADDEN, Appellants
### V.
### JON RICE, WILLIAM BLAKE HYDE, AND THE HYDE LAW FIRM, PLLC, Appellees

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-11-05714-C**

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Francis

MacDonald Devin, PC and Patrick F. Madden appeal the trial court's order awarding W. Blake Hyde and The Hyde Firm $4500 in attorney's fees and $75 in costs on a motion to compel. In three issues, appellants assert the trial court abused its discretion by (1) disregarding the parties' Rule 11 discovery agreement, (2) assessing "sanctions" when they did not commit any "offensive conduct" and in an amount that is excessive, and (3) basing the award of attorney's fees on legally insufficient evidence. After reviewing the record, we conclude appellants' issues are without merit and affirm.

The underlying case involved a pedestrian-auto accident. While crossing an intersection, Jon Rice was struck by an automobile driven by Brett Alan Slagle and owned by Slagle's employer, Cleveland Steel Container Corporation (CSC). Rice alleged Slagle was intoxicated at

the time. Rice sued Slagle, CSC, SouthPak Container Corporation, and the bar where Slagle had reportedly been drinking prior to the accident, alleging several causes of action and seeking damages for his injuries.[1] Appellants represented CSC and SouthPak in the litigation; Hyde represented Rice.

As relevant here, Rice served CSC, SouthPak, and Slagle with production requests and interrogatories. He also requested dates for the depositions of SouthPak and CSC representatives. In response, CSC asserted a trade secret objection to fourteen of the twenty-one production requests (including, for example, documents reflecting Slagle's job duties, supervisors, and policies about automobile use) and five of the fifteen interrogatories and failed to verify its responses to interrogatories. With respect to deposition dates, both CSC and SouthPak refused to produce corporate representative witnesses "until your client has been deposed" and had responded to written discovery.

Thereafter, Rice filed a motion to compel discovery responses from CSC and Slagle and an amended motion to compel depositions of CSC and SouthPak. Both motions were set for hearing on June 14, 2013. On that date, the judge called the motions to compel but sent the parties outside the courtroom to try to work out an agreement. After two hours of negotiations, the parties returned to the courtroom to dictate their "statements" on the record. (The trial judge was not present.) Rice's attorney, Hyde, stated he would "attempt to send a Rule 11 agreement that mirrors what we state here on the record to counsel to further attempt to solidify understandings."

As set out by Hyde and confirmed by Madden, CSC agreed to supplement its responses to Interrogatories Nos. 2, 3, and 4 within two weeks "to the extent there is any further responsive

---

[1] Rice originally sued in county court in Dallas County in August 2011 and named only Slagle as a defendant. The case was removed to federal court after the driver moved back to his home state of Ohio. Twenty months later after the criminal case was resolved, Rice refiled the lawsuit in county court, naming the additional defendants. The trial court consolidated the newer case with the older, and proceeded under the older cause number.

information to those specific questions" and to withdraw its trade secret objections to other production requests and interrogatories. In return, Rice agreed that specifically identified responses would "remain confidential in their production" to Rice and his attorney and attorney's staff. Further, if anyone else needed to review the information, Rice would provide the person's name to CSC before tendering the responsive information, and CSC would have fourteen days to object, which would necessitate a hearing before the trial court. Both Hyde and Madden then set out the particular interrogatories and production requests that were to remain confidential. With regard to depositions, CSC and SouthPak agreed their representatives would be deposed within thirty days and would provide deposition dates within that time frame. This was conditioned on the remaining defendants filing an answer within seven days of the deposition dates.

During the hearing, the parties referred to both a "confidentiality order" and a "confidentiality agreement." At one point, Hyde stressed the "confidentiality agreement was entered in lieu of a protective order agreement" because he believed none of the information was privileged as asserted and, as a compromise, agreed to keep the information confidential for his use in the case.

Four days after the hearing, Hyde forwarded a "Confidentiality Agreement" for execution by CSC and Slagle's attorneys. At the same time, Hyde sent deposition notices to CSC and SouthPak as to the scope of subjects requested. CSC attorney Madden responded with an "Agreed Confidentiality Order" that required the judge's signature, governed all discovery, allowed any party to designate documents as confidential by placing the words "ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on them, and required that those documents be filed under seal and marked accordingly. He also sought to limit the scope of the depositions. When it became apparent that the parties could not agree on either the Confidentiality Agreement or the Confidentiality Order or the scope of the depositions, Hyde

reset both motions to compel for hearing, filed supporting evidence, gave notice of the hearing, and sought reimbursement for fees and expenses incurred in connection with the motions to compel. The supporting evidence included Hyde's affidavit on attorney's fees.

On the day before the hearing, CSC responded to the motions and asserted the parties agreed to a Confidentiality Order as opposed to a Confidentiality Agreement. It requested a protective order or confidentiality order in the event the trial court did not enforce the June 14 agreement, and attached the affidavit of Dennis Puening, CSC's vice president of finance and administration and CFO, as support. With regard to corporate representative depositions, CSC and SouthPak asserted Rice had sent notices with topics far exceeding those agreed to on June 14. (The response also included a motion to enforce the agreement, but this motion was not set for a hearing.)

The hearing was held on June 28 and lasted several hours. The first portion of the hearing dealt with whether CSC was to produce documents under a confidentiality agreement or confidentiality order. Hyde argued the documents were to be produced under a confidentiality agreement while Madden argued the parties agreed to a confidentiality order. The trial judge read the transcript of the hearing and, after discussion with counsel, ultimately determined the parties did not have an agreement given that the parties did not have "an understanding of what it was." The trial judge urged the parties to "[s]ort it out" and reach agreements on the requests, but after returning from a break, the parties indicated they had not "communicated." After considering matters not relevant to the disposition of this appeal, the judge went through the various requests and orally ruled. During this process, CSC withdrew some of its objections. The judge then asked about attorney's fees, and Hyde explained that he had put in twelve hours before the hearing and said he had paid for the transcription of the June 14 hearing. He asked to be reimbursed his reasonable time and costs and said his hourly rate was $300. The trial court

orally awarded $4500 for fifteen hours of attorney's fees, including three hours for the hearing that day, as well as cost of the June 14 transcript.

Three days later, the trial court signed an amended order on the motions to compel in which it determined "no enforceable agreement was entered" between Rice and CSC; rather, there was a "mutual mistake and/or misunderstanding as to the terms and scope as to any alleged June 14th agreement on discovery. . . ." In the order, the trial court overruled the objections to the vast majority of the requests for production and interrogatories but ordered the responses to one interrogatory and four production requests to be subject to a confidentiality agreement. Additionally, the court ordered depositions of corporate representatives to take place on a certain date and slightly modified the subject matters.

Finally, the order awarded appellees $4500 in attorney's fees and $75 in costs "for securing orders overruling Defendant CSC's objections to written discovery, disclosure of full, complete and verified answers to interrogatories, production of responsive documents to production requests, topics or subject matters as to Defendant CSC's deposition on July 22, 2013, . . . . " Thereafter, the underlying case settled. This appeal challenges only the attorney's fees and costs awarded as a result of the motions to compel.

In their first issue, appellants contend the trial court abused its discretion when it "disregarded the parties' Rule 11 discovery agreement and considered matters not set for hearing." Within this issue, appellants presume, without any legal analysis, that the parties had an "agreement" and wholly ignore the trial court's finding, set forth in the order, of "mutual mistake and/or misunderstanding as to the terms and scope" of any alleged agreement. Nor do they argue in their brief (as they suggested at oral argument) that the trial court was without authority to conclude there was no enforceable agreement. Having failed to challenge the trial

court's finding of "mutual mistake and/or misunderstanding" or otherwise brief the enforceability of the alleged Rule 11 agreement, we conclude they have not shown error.

Regardless, Rule 11 agreements are contracts relating to litigation and are subject to the general rules of contract construction. *Bandera Cnty v. Hollingsworth*, 419 S.W.3d 639, 645 (Tex. App.—San Antonio 2013, no pet.); *see Dallas Cnty. v. Rischon Dev. Corp.*, 242 S.W.3d 90, 93 (Tex. App.—Dallas 2007, pet. denied). For an enforceable contract to be formed, "the minds of the parties must meet with respect to the subject matter of the agreement and all its essential terms." *Bandera Cnty.*, 419 S.W.3d at 645. "Meeting of the minds' refers to the parties' mutual understanding and assent to the agreement regarding the subject matter and the essential terms of the contract. *Id.* A mutual mistake of fact occurs when the parties to an agreement have a common intention, but the written agreement does not reflect the intention of the parties. *Smith-Gilbard v. Perry*, 332 S.W.3d 709, 713 (Tex. App.—Dallas 2011, no pet.).

In this case, although the parties set out the particular discovery responses that would be confidential, the record shows they did not agree on a term that they deemed essential to an agreement – how to implement the confidentiality procedure. Evidence of this failure is almost immediately apparent. While reciting their "agreement" into the record, the parties referenced both an "agreement" and an order." Then, four days later, Hyde presented a "Confidentiality Agreement" that, among other things, provided that certain responses would remain confidential and not be disseminated to any third person without first identifying that person to CSC, and CSC would have fourteen days to lodge a specific objection "necessitating a Court ruling." In contrast, Madden presented a "Confidentiality Order" whose scope governed all discovery in the case, including deposition testimony and exhibits" and allowed any party to designate documents as "ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and to be filed only under seal and designated as such. Given the record before us, we conclude the trial court did

not err in finding there was a mutual mistake or misunderstanding as to the terms and scope of any alleged discovery agreement. We overrule the first issue.

In their second issue, appellants argue the trial court abused its discretion when it assessed sanctions against them "for complying with the parties' Rule 11 discovery agreement and for a deposition issue not set for hearing." Within this issue, they argue they did not "commit any offensive conduct," relying on *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex. 1991) (orig. proceeding), and the sanction was "excessive."

Before addressing the merits of this issue, we first clarify the type of order before us. Rice requested reimbursement of attorney's fees and costs on his motions to compel, and the trial court's order awarded attorney's fees and costs "for securing orders overruling Defendant CSC's objections to written discovery, disclosure of full, complete and verified answers to interrogatories, production of responsive documents to production requests, [and] topics or subject matters as to Defendant CSC's deposition . . . ." So, while appellants refer to the order as a sanction, we conclude it was an award of expenses on a motion to compel under Texas Rule of Civil Procedure 215.1(d) and not a "traditional discovery 'sanction.'" *See Blake v. Dorado*, 211 S.W.3d 429, 434 (Tex. App.—El Paso 2006, no pet.).

Rule 215.1(d) provides in relevant part:

> *Disposition of Motion to Compel: Award of Expenses.* If the motion is granted, the court shall . . . require a party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay . . . the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

TEX. R. CIV. P. 215.1(d).

The rule functions as a method to reimburse a party for the expenses incurred in obtaining the order on a motion to compel. *Hanley v. Hanley*, 813 S.W.2d 511, 522 (Tex.

App.—Dallas 1991, no writ); *Blake*, 211 S.W.3d at 434. As this Court has previously explained, it is not designed to be used as a "penalty." *Hanley*, 813 S.W.2d at 522. Under its plain terms, a trial court is required to award expenses unless the party opposing the motion shows he was "substantially justified" or other circumstances make the award unjust. TEX. R. CIV. P. 215.1(d).

We review an award of expenses under rule 215.1(d) for abuse of discretion. *Rammah v. Abdeljaber*, 235 S.W.3d 269, 273 (Tex. App.—Dallas 2007, no pet.). "The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but 'whether the court acted without reference to any guiding rules and principles.'" *Id.* (quoting *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004)).

Here, appellants' argument that they did not "commit any offensive conduct" is, in part, premised on their notion they had a Rule 11 agreement on discovery. For reasons expressed above, this argument is without merit.

Additionally, appellants assert the trial court addressed issues related to amended deposition notices that they contend were not part of the motion to compel set for hearing. At the hearing, Madden did inform the trial court that the amended deposition notices outlining the topics were not "part of the motion to compel." But when the trial court asked, "Why am I looking at it," Madden replied, "Because I brought it with me because, you know, I would like to get these things resolved. And I will take Your Honor's ruling on it, but it's not part of a motion to compel." Given Madden's statements to the trial court, we conclude he agreed to the trial court's consideration of this issue.

But even assuming he did not agree to consideration of the issue, we cannot conclude appellants have shown their opposition to the motion to compel was "substantially justified" or other circumstances made the award unjust. Appellants ignore that they asserted a trade secrets privilege to a majority of the production requests as well as some interrogatories, which was the

–8–

focus of the parties' attempt to reach an agreement at the first hearing and was the primary subject of the second hearing. After determining the parties did not have a Rule 11 agreement, the trial court overruled those objections or appellants withdrew them, and the trial court ordered CSC to fully respond and provide verified answers to interrogatories and produce responsive documents by a specific date. Appellants do not challenge any of these rulings. After reviewing the record, we conclude appellants have not shown their opposition was substantially justified or that other circumstances made the award unjust.

Appellants next argue the amount awarded was excessive for two reasons. First, they assert the amount included the two-and-a-half hours of negotiations at the first hearing, which they assert resolved many of the issues in the motion to compel. For the reasons previously set out, this argument is without merit.

Second, appellants complain the motions to compel were not limited to their clients. Specifically, they argue Rice also moved to compel discovery responses from Slagle, whom they did not represent. Thus, they contend any award is excessive because it included fees incurred as a result of moving to compel responses from Slagle.

To support its contention that the amount of expenses awarded was excessive, appellants cite one case, generally, *In re Ford Motor Co.*, 988 S.W.2d 714, 718 (Tex. 1988). There, the supreme court determined the record did not support the trial court's finding that Ford's conduct was an abuse of the discovery process; thus, there was no basis for the sanction. *In re Ford*, 988 S.W.2d at 720–21. The case did not address excessiveness. We conclude the issue is inadequately briefed. *See* TEX. R. APP. P. 38.1(i) (requiring an appellant's brief to contain a clear and concise argument for contentions made with appropriate citations to authorities and the record).

Moreover, appellants did not complain below that the amount of expenses sought by Hyde failed to segregate any work done with regard to Slagle nor did they present any evidence to controvert the amount of fees sought by Hyde. To the contrary, in his testimony, Madden agreed that Hyde had spent more than twelve hours prior to the hearing addressing the discovery issues. Under these circumstances, we conclude they have waived their complaint. *See Werley v. Cannon*, 344 S.W.3d 527, 535 (Tex. App.—El Paso 2011, no pet.) (concluding appellant, by failing to object below, waived complaint that trial court did not require plaintiffs to segregate attorneys' fees between portions on which no sanctions were awarded and portion on which they were granted); *see also* TEX. R. APP. P. 33.1. We overrule the second issue.

In their third issue, appellants assert the evidence supporting the attorney's fees is legally insufficient because Hyde did not present evidence of the factors set out in *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). We disagree.

Under an abuse of discretion standard, legal sufficiency is not an independent ground of error; rather, it is a relevant factor in assessing whether the trial court abused its discretion. *Gorman v. Gorman*, 966 S.W.2d 858, 868 (Tex. App.—Houston 1998, pet. denied) (explaining standard in context of rule 13 sanctions). Rule 215.1(d) requires that in determining the amount of reasonable expenses, including attorney's fees, to be awarded in connection with a motion, the trial court shall award expenses which are reasonable in relation to the amount of work reasonably expended in obtaining an order compelling compliance. TEX. R. CIV. P. 215.1(d).

Initially, the law is clear in circumstances similar to this, a trial court can take judicial notice of the usual and customary fees. *See Delesandri v. Rojay, LLC*, No. 11-10-00236-CV, 2012 WL 4465361, at *3 (Tex. App.—Eastland Sept. 20, 2012, no pet.) (mem. op.) (per curiam) (citing *Cire*, 134 S.W.3d at 844); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 38.004(1). For that reason, we question whether the *Andersen* factors apply in this case. Assuming they do,

however, Hyde presented sufficient evidence of those factors that would be relevant to a request for attorney's fees on a motion to compel.[2]

In his affidavit executed three days before the hearing, Hyde attested that he had spent more than ten hours "between telephone calls, writings, preparation of various Motions to Compel, attending a court hearing on June 14, 2013, continued attempts to schedule the depositions of corporate representatives and preparation of [a] Confidentiality Agreement relating to any alleged confidential documents to be produced by Defendants." Further, he asserted that he had twenty years' experience practicing law, was knowledgeable about reasonable and customary hourly rates for attorneys in Dallas County, and his hourly rate of $300 was reasonable and customary. He asked for $3075, which included $75 for expenses. Then, at the hearing, Hyde explained he had spent an additional two hours reading and preparing a written objection and supporting brief to appellants' 71-page response to the motion to compel. The hearing lasted several hours, and the trial court ultimately awarded Hyde fees for fifteen hours, or $4500, plus $75 in court reporter fees for transcription of the first hearing. Appellants did not controvert Hyde's affidavit, question Hyde at the hearing, or otherwise challenge the amount he was seeking. Considering the relevant factors, we conclude the evidence was legally sufficient to support the award of attorney's fees and costs.

---

[2] The *Andersen* factors include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstance; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the service; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. 945 S.W.2d at 818.

We affirm the trial court's amended order on the motions to compel.

140935F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MACDONALD DEVIN, PC AND
PATRICK F. MADDEN, Appellants

No. 05-14-00938-CV          V.

JOHN RICE, WILLIAM BLAKE HYDE,
AND THE HYDE LAW FIRM, PLLC,
Appellees

On Appeal from the County Court at Law
No. 3, Dallas County, Texas
Trial Court Cause No. CC-11-05714-C.
Opinion delivered by Justice Francis;
Justices Lang and Evans participating.

In accordance with this Court's opinion of this date, the amended order regarding plaintiff's motions to compel is **AFFIRMED**.

It is **ORDERED** that appellees John Rice, William Blake Hyde, and The Hyde Law Firm, PLLC, recover their costs of this appeal from appellants MacDonald Devin, PC and Patrick F. Madden.

Judgment entered October 27, 2015.