

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00338-CV

**IN THE INTEREST OF L.I.A-N.**, a Child

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CI16383
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:       Lori I. Valenzuela, Justice
               Lori Massey Brissette, Justice
               Adrian A. Spears II, Justice

Delivered and Filed: May 21, 2025

REVERSED AND REMANDED

They say the devil is in the details. There is no better case to demonstrate the meaning of that saying than the one before us. This case involves the resolution of disputes that inevitably arise between the reading into the record of a high-level agreed parenting plan and the drafting of a detailed final order that comports with the Texas Family Code. Where, as here, the parties subsequently find that they, in fact, had no meeting of the minds on a key issue impacting the possession schedule, the trial court has no discretion to resolve the dispute in favor of one party or another without the taking of evidence and a best interest determination. Accordingly, we reverse the trial court's order and remand the case for further proceedings.

## BACKGROUND FACTS

In June 2023, Appellant filed a petition to modify the parent-child relationship, seeking a modification of the possession and access schedule. In January 2024, the parties read into the record their agreement, the pertinent part of which was set forth as follows:

> Father to have possession and access per the Texas Family Code Standard Possession Order with provisions for zero to 50 miles, 50 to 100, over 100, and holiday provisions with all elections. Parties to alternate Easter weekend possession each year. When the parties live within zero to 50 miles, holiday exchanges will be school to school. Mom to always have 21 days in the summer. . . . When exchanges are not at school, parent not in possession of the child will pick up from parent in possession.

After Appellee's counsel read the high-level terms of their agreed parenting plan into the record, the following exchange occurred:

> THE COURT: Is that your understanding of the agreement, [Appellant's counsel]?
>
> APPELLANT'S COUNSEL: Yes, Your Honor. My understanding of the agreement is as [Appellee's counsel] has stated. I will also say that the parties, bind through their attorneys, have agreed that this is a rough outline, and we will work together to confer on the terms of the order using our best efforts and acting in good faith. And if there are any issues, we'll bring that to the attention of the Court.
>
> THE COURT: What remains? I thought you guys were in agreement.
>
> APPELLEE'S COUNSEL: Drafting.
>
> APPELLANT'S COUNSEL: Correct. In terms of drafting.
>
> APPELLEE'S COUNSEL: Drafting.
>
> APPELLANT'S COUNSEL: If there are any drafting issues, the parties agree that we will make a good-faith effort to confer on all drafting issues.
>
> THE COURT: Okay. And are you asking that I approve said agreement and render it an order of the Court?
>
> APPELLANT: Yes, Your Honor.
>
> THE COURT: Ma'am?
>
> APPELLEE: Yes, Your Honor.

THE COURT: Finding all things to be in order, I'm approving said agreement and rendering it an order of the Court.

Following the hearing, Appellant and Appellee each filed motions to enter and each presented their own draft proposed final judgment to the court. Two hearings were held at which the parties presented argument, but no evidence, relating to substantive disputes impacting the possession and access schedule as well as the mode of exchange.

First, the parties disputed which elections Appellant was entitled to pursuant to Texas Family Code section 153.317.[1] Specifically, Appellant's proposed order included provisions for school-to-school exchanges, regardless of the distance between the two homes. Appellee's proposed order did not include school-to-school exchanges if the parties lived more than 50 miles from each other. Further, Appellee's proposed order included a statement that if the parties live more than 100 miles apart, weekend possession on weekends extended by a Monday holiday would end on Monday evening instead of Tuesday morning.

Each party objected to the other party's proposed order language on this issue. The court granted Appellee's objection to the inclusion of school-to-school exchanges when the parents lived more than 50 miles from each other, thereby limiting the elections granted to Appellant under Texas Family Code section 153.317. Appellee orally requested the trial court reconsider, and the trial court declined. At the April 2024 hearing, Appellant twice reiterated his objection, stating the trial court's ruling required an order that fails to include all elections despite the agreement whereby at least he intended to include "all elections." When asked for a ruling on the objection, the trial court indicated that it had already ruled.

---

[1] Texas Family Code section 153.317 requires that "[a] conservator must make an election under Subsection (a) before or at the time of the rendition of a possession order. The election may be made: (1) in a written document filed with the court; or (2) through an oral statement made in open court on the record." Appellant asserted his right to "all elections" as part of the agreement read into the record in open court in January of 2024 and in his written proposed final judgment presented to the court as part of his motion to enter.

Appellant also objected to a provision in Appellee's proposed order stating that, in the event Appellant moves, Appellant must bear the burden of transporting the child back to Appellee's residence for exchanges. Appellant proposed an order that stated that, in the event either party moves, the party who moves will bear the burden of driving for exchanges. Notably, neither of those proposals comport with the agreement previously read into the record, which was that the "parent not in possession of the child will pick up from parent in possession." The trial court overruled Appellant's objection and adopted the language proposed by Appellee.

On April 16, 2024, after the second hearing, the trial court issued its "Agreed Order in Suit to Modify Parent-Child Relationship." The order states the trial court "finds that the parties agree that the provisions in these orders relating to conservatorship, possession and access, support, and optimizing the development of a close and continuing relationship between each party and the child constitute the parties' agreed parenting plan." The order further states the trial court "finds that the parties agree" that the order is in the child's best interest. However, the record is clear that the parties, in fact, did not agree. Neither counsel nor their clients signed the "agreed order" that includes the trial court's rulings in favor of Appellee and against Appellant on both issues: (a) that when the parties reside more than 50 miles apart, the standard possession order does not include elections per Texas Family Code section 153.317; and (b) that, in the event Appellant moves, he will return the child to Appellee's residence at the end of each possession period.

Appellant argues the trial court abused its discretion by entering an order that deviated from the parties' agreement without the taking of any evidence as to the child's best interest. Appellee asserts the trial court exercised its discretion by entering an order consistent with a reasonable interpretation of the oral agreement and that such interpretation comported with the Texas Family Code. In the alternative, Appellee argues the trial court's order reflected an appropriate exercise

of discretion to enter orders in the best interest of the child. Appellee further asks us to presume the trial court made all findings necessary to support its final judgment.

## A. Standard of Review and Applicable Law

The trial court's order was rendered pursuant to Chapter 153 of the Texas Family Code governing conservatorship, possession, and access. We review Chapter 153 orders regarding possession for an abuse of discretion. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007); *Matter of Marriage of Cote*, 668 S.W.3d 891, 895 (Tex. App.—El Paso 2023, no pet.) (citing *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982)). We reverse only if we determine from the record that the decision was arbitrary, unreasonable, or without any reference to guiding rules and principles. *See Cote*, 668 S.W.3d at 895 (citing *Compton v. Pfannenstiel*, 428 S.W.3d 881, 886 (Tex. App.—Houston [1st Dist.] 2014, no pet.)).

In order "[t]o promote the amicable settlement of disputes between the parties to a suit," conservators "may enter into a written agreed parenting plan containing provisions for conservatorship and possession of the child and for modification of the parenting plan, including variations from the standard possession order." TEX. FAM. CODE § 153.007(a). If the trial court "finds that the agreed parenting plan is in the child's best interest, the court shall render an order in accordance with the parenting plan." *Id.* § 153.007(b). In other words, if the trial court finds the agreed parenting plan is in the best interest of the child, it has no discretion and must render an order in accordance with the plan. *See id.*; *see also* TEX. GOV'T CODE § 311.016(2) (explaining as party of Code Construction Act that use of "shall" in a statutory provision "imposes a duty"); *see also In re Rangel*, No. 04-17-00060-CV, 2017 WL 1161173, at *2 (Tex. App.—San Antonio Mar. 29, 2017, orig. proceeding) (providing failure of trial court to comply with duty created by statute was abuse of discretion). Likewise, if the parties do not submit an agreed parenting plan

satisfactory to the court, "the court may, after notice and hearing, order a parenting plan that the court finds to be in the best interest of the child." Tex. Fam. Code § 153.007(d); *see also* Tex. Fam. Code § 153.134 (listing factors for consideration where there is no agreement.); *Cote*, 668 S.W.3d at 896. The question here is whether the trial court has discretion to enter a final judgment based on an "agreed parenting plan" when the parties are clearly not in agreement.

## B. Analysis

At the January 2024 hearing, Appellee's counsel read into the record a very high-level summary of the agreements relating to provisions for conservatorship, possession and access, and exchanges of the child. Both parties recognized at that time that the drafting of the order relating to those provisions may give rise to further disputes. Appellant's counsel even described the agreement read into the record as a "rough outline," which Appellee's counsel did not dispute.

After the reading of that high-level agreement into the record, and as the parties engaged in the back and forth of drafting a detailed order in compliance with the Texas Family Code, it became evident that each parent had their own view of what they had agreed to, which views did not align. Further issues were presented as they got into the details, relating to how the agreement would work in the event of a move by either parent, which—as forewarned by both counsel at the January 2024 hearing—resulted in disputes and disagreements.

While it is clear the parties initially thought they had an agreement, once they got into the details of a full and final judgment in compliance with the relevant Texas Family Code provisions, it became apparent that they had never achieved a meeting of the minds, each intending a different meaning of the words "all elections." "A meeting of the minds is necessary to form a binding contract." *David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450 (Tex. 2008). "'Meeting of the minds' describes the mutual understanding and assent to the agreement regarding the subject

matter and the essential terms of the contract." *Bandera Cnty. v. Hollingsworth*, 419 S.W.3d 639, 645 (Tex. App.—San Antonio 2013, no pet.) (quoting *Potcinske v. McDonald Prop. Inv., Ltd.*, 245 S.W.3d 526, 530 (Tex. App.—Dallas 2007, no pet.)). Further, both parties submitted proposed final judgment language regarding transportation that differed from and effectively repudiated their prior agreement. *See* TEX. FAM. CODE § 153.133(a)(1)(5).

Certainly, in a situation where the original agreement is unambiguous and the trial court is faced with one party who simply wishes to back off of what was originally agreed, the trial court has discretion to enforce the agreement as previously adopted by the court and enter an order that comports with same. But, here, even Appellee recognizes in her brief to this court that the distance-specific language as read into the record in January of 2024 created ambiguity as to the application of Texas Family Code sections 153.312, 153,313, 153.3171, and 153.317. Specifically, the agreement read into the record included in pertinent part: "Father to have possession and access per the Texas Family Code Standard Possession Order with provisions for zero to 50 miles, 50 to 100, over 100, and holiday provisions with all elections." But it then went on to refer to some exchanges that "are not at school," giving rise to the question of which elections fall outside of "all elections."

In a situation like the one at hand, where each party submits equally plausible readings of a purported but ambiguous agreement which differ in material respects, the trial court has two choices: (1) send the parties back to the negotiation table; or (2) set the matter for a hearing where evidence can be presented for the court to consider in determining the best interest of the child. *See* TEX. FAM. CODE § 153.133 (requiring the court enter an order adopting the agreed parenting plan if it "is voluntarily and knowingly made by each parent and has not been repudiated by either parent at the time the order is rendered" and it "is in the best interest of the child"); TEX. FAM.

CODE § 153.007(d) (calling for a notice and hearing to support the court's finding as to best interest in the absence of a satisfactory agreed parenting plan).

The plain language of Texas Family Code section 153.007 requires, first, that an agreed parenting plan exist and, second, that the trial court finds the agreed parenting plan is in the child's best interest before rendering an order in accordance with the parenting plan. *See* TEX. FAM. CODE § 153.007(a), (b). To allow a court to decide disputes, favoring one party over another, on key provisions that impact the possession and access of a child as well as exchanges, in the absence of an agreement and without evidence to support the court's ruling, is to allow a court to act in an arbitrary manner. *See* TEX. FAM. CODE § 153.007; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992); *In re American Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 483 (Tex. 2001); *Tex. Educ. Agency v. Houston I.S.D.*, 660 S.W.3d 108, 116 (Tex. 2023).

Accordingly, we remand to the trial court for further proceedings consistent with this opinion. *See* TEX. R. APP. P. 43.3; *Van Heerden v. Van Heerden*, 321 S.W.3d 869, 874–75 (Tex. App.—Houston [14th Dist. 2010) (remanding and noting appellate courts are not fact-finding courts) (citing *Parsons v. Parsons*, 722 S.W.2d 751, 753 (Tex. App.—Houston [14th Dist.] 1986, no writ)); *Vazquez v. Vazquez*, 292 S.W.3d 80, 85 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (in determining conservatorship issues, trial courts focus on the best interest of the child and fact-finder must review factors in deciding best interest).

Lori Massey Brissette, Justice